### MAY v DRAPER, Receiver

Common Pleas Court, Preble Co
No. 12397.  Decided Oct 1, 1930

J. W. Dye, Eaton, for Draper.
P. A. Saylor, Eaton, for May.

posited with it is based upon the right of set-off, and co-extensive with it.

(b) It must arise from the deposits of money or funds belonging to the depositor himself;

(c) He cannot, by depositing the money of others * * * pay his debt to the bank, or enable the bank to do so.

(d) In the absence of fraud or gross negligence on the part of third parties, the bank has no higher right or better title to these moneys intrusted to his deposit than the depositor himself."

The last paragraph of said section is as follows,—

"However, it has been held that a bank has the right, upon the insolvency of its depositor, to set off against the latter's deposit his secured indebtedness to the bank, even though the deposit contains money belonging to third persons, if the bank has no knowledge of the true ownership of the fund."

This latter paragraph refers to a case that is a very singular exception to the general rule in Ohio, said case being **Weirton Steel Co. v First National Bank, 2 Ohio Law Abstract, No. 29, page 469, issued July 30, 1924,** said case disclosing two divergent decisions, —1st—said Weirton Steel Co. v First National Bank decided by the Court of Appeals of Ross County, and 2nd,—Gibsonburg Banking Co. v Wakeman Banking Co., decided by the 6th Ohio Circuit Court, which thereby necessitated an attiutde by the Supreme Court, and the court discovers a case before the Supreme Court in the Ohio Cross-Reference Tables & Annotations, 1885-1923, Page 345 in which the Supreme Court affirmed, without opinion, the decision of the Court of Appeals as to the Gibsonburg case, said unreported decision appearing in **66 Oh St, 658.**

The fundamental distinction between the said two cases seems to have been as to the particular matter of the bank having knowledge or not having knowledge as to the rights in the deposit of a third party. The first case,—the Ross County Court of Appeals—seems to have held that knowledge on the part of the bank of the true ownership of the fund is a perequisite, while in the Gibsonburg case it is held it is not a perequisite.

It seems to the court that a little reflection would quickly disclose that the matter of knowledge or want of knowledge is not a germane factor. It is a matter of right as to the third party and the fact that a bank was devoid of knowledge would

RISINGER, J.

This case was very attractively argued and memorandums presented.

The doctrine generally prevailing in Ohio was disclosed by counsel for plaintiff in **§140, Page 458 of Vol. 5 Ohio Jurisprudence.** The court calls attention to important excerpts of said section, as follows,—

(a) "The lien of a bank upon money de-

not justify any attitude of rapacity after obtaining knowledge of the rights of the third person. Equity would not seek the matter of knowledge as it would the matter of right. Such rapacity would be shocking to the conscience and equity.

Other Ohio decisions have held against the claimed prerequisite of knowledge of a bank before holding money belonging to a third party—notably the case of **Sutliff, et al v National City Bank, in the Court of Common Pleas of Cuyahoga County, Ohio, Dec. 13, 1907, 18 Ohio Dec.—N.P. 354**, the syllabus, approved by the court, being to-wit:—

"Where a factor has been allowed by a bank to overdraw his account as a method of gaining a line of credit, the proceeds of goods consigned to the factor and sold by him and deposited in the bank cannot be applied to the payment of such overdraft if the factor be at the time insolvent—the knowledge or **want of knowledge** on the part of the bank of the factor's insolvency is **immaterial. It is the fact of the insolvency,** and that the shipper by such application of the deposit must lose his property that determines the right of the consignor to treat the bank as a trustee holding his money for him. **Neither is it material that the bank does not certainly know at the time the deposit is made that the money belongs to the consignor and not to the factor.**"

Foot note 8, under said §140, of 5 **Ohio Jurisprudence,** is as follows,—

"**Sutliff v National City Bank, 6 O. N. P.— N.S., 177, 18 O. D.—N.P., 354,** judgment of Circuit Court affirmed without opinion in 81 Oh St 558."

The demurrer admits, and counsel in argument practically admitted that the assertion that the plaintiff was owner of the amount he claims in the said deposit fund could be established.

The situation gives a reflected illumination in that this deposit was made in said Bank by the landlord Black and the money was received by the Bank at a time when the Bank was upon the verge of a complete collapse and at a time when the head of the Bank was desperately aware that his long-time iniquities in said Bank were about to be publicly revealed and that this deposit was received when the officials of the Bank knew that it was insolvent and that the acceptance of such check was a fraud upon those entitled to the fund of the deposit.

The court, however, makes no invidious criticisms whatever of the receiver and the attorney for the receiver in this case. They are simply conscientiously rendering duties devolving upon them to urge every phase of the case in behalf of the receivership.

Wherefore, the demurrer is overruled.